# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1450V
Filed: October 5, 2017
UNPUBLISHED

| | |
|---|---|
| JUDITH ISACOFF,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 3, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an October 12, 2015 influenza ("flu") vaccination. On August 2, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 23.)

On August 30, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 27.) Petitioner requests attorneys' fees in the amount of $13,164.00 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $665.77.  (*Id.* at 1-2.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $26,420.45.

Respondent filed no response.

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed.  *Rodriguez,* 2009 WL 2568468, at *8.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.  However, consistent this Court's practice, the undersigned reduces the claimed cost of certain expenses where no documentation was provided.

Petitioner seeks $111.00 for "Travel Meals:10/27/16 Client Meeting:The Hamilton" (ECF No. 27-4 at 1), however no invoice was filed for this expense. Furthermore, cross-referencing the submitted receipts with counsel's time log reveals that counsel is requesting reimbursement for meals during days and times that the time log does not show any accompanying travel.  (*See* ECF No. 27-3 at 5, showing the only time entry for October 27, 2016 as 2.80 hours "Meet with client in person to introduce the Vaccine Program, to explain procedure, and to discuss categories of damages applicable to this case.")  The undersigned finds that, as is consistent with this Court's practice, it is not reasonable to reimburse petitioners' counsel for the cost of meals and other miscellaneous expenses on typical work days in the area where he normally works and resides.  *Reginelli v. Sec'y of Health & Human Servs.*, No. 14-972V, 2016 WL 1161309, at *3 (Fed. Cl. Mar. 1, 2016).  Therefore, petitioner's expenses are thus reduced by $110.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $13,719.77[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Isaiah Kalinowski.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.